**In re the Marriage of Debbie PETER-SON, etc., Petitioner, Respondent,**

v.

**Terry PETERSON, Appellant.**

**No. 81–943.**

Supreme Court of Minnesota.

May 21, 1982.

Chalupsky, Nyberg & Hawkinson, Grand Rapids, for appellant.

Weber & Henrichsen, Grand Rapids, for respondent.

AMDAHL, Chief Justice.

Terry Peterson appeals from the August 19, 1981, order of the Itasca County District Court relating to his visitation rights and support obligations to the parties' two minor children and to a promissory note executed by the parties.

It is our view that the trial court did not abuse its broad discretion in increasing the appellant's support obligation from $150 per month to $300 per month per child and that, further, there is ample evidentiary support for the determination that $4,000 remained as an unpaid balance under the promissory note. In addition, the district court has fashioned a reasonable method of insuring that the appellant will be able adequately to exercise his visitation rights.

However, included in the provision increasing child support is the imposition by the district court of the additional obligation that the appellant contribute to the minor children's support until each child reaches the age of majority and thereafter until each child enrolled in a postsecondary educational institution either completes the program or reaches the age of 22 years, whichever event occurs first. While the parties to this action could have agreed by stipulation that the father would bear the cost of education of the children beyond the age of majority, the court is not authorized to impose such an obligation. *See LaBelle v. LaBelle*, 302 Minn. 98, 115, 223 N.W.2d 400, 410 (1974). The parties' stipulation expressed an intention that support only be paid until each child reaches the age of 18. Therefore, to the extent that the order of the trial court imposes such an obligation, it is reversed.

Affirmed in part; reversed in part.